Thomson, J.,
delivered the opinion of the court.
Winters sued the German National Bank for $200, which *299 he alleged it had received from the Commercial National Bank of St. Joseph, Mo., of his moneys, and for his use and benefit, and which it had failed and refused to pay over to him. The answer was a denial.
The plaintiff testified that some time about October 5, 1887, he sold a Mrs. Sigler a bunch of cattle for $200, and that in payment she made a draft for the amount upon the St. Joseph Bank, and, in the presence of witness, deposited it in M. E. Post & Co.’s bank, at West Cliff, Colo., for collection, instructing the cashier that the proceeds were to be paid to witness. The witness did not know whether the draft was drawn in his favor or not, but only knew that the proceeds were to come to him. He was afterwards informed by the cashier that the draft had been sent through the German National Bank for collection, and, calling up the latter bank by telephone, he was answered by some one who represented himself as the cashier, that the collection had been made by that bank, but that Post & Co. were indebted to it.
Post & Co.’s bank failed on the 10th of October. John R. Smith, who seems to have acted for plaintiff in ascertaining what had become of the money, called upon the German National Bank in relation to the matter, and had a conversation with Job A. Cooper, its cashier. In that conversation Mr. Cooper admitted that his bank had collected the money and received the proceeds, and that before the money was collected the bank had been notified by telegram from the cashier of Post & Co.’s bank that the money belonged to the plaintiff. A receipt which was admitted by defendant’s counsel to be the receipt of Bell, cashier of Post & Co.’s bank, for the draft, was received against objection. The following is the receipt:
“ For collection.
“ Dft. Emma D. Sigler on Commcl. Bk. St. Joseph, Mo. $200.
“ Duplicate. Bell.”
Testimony of the witness Smith that he had examined the *300 books of Post & Co., and found'on the collection register a memorandum of the draft, and that it was for collection, the proceeds to be paid to Winters, was also received against the defendant’s objection. The defendant offered no evidence.
The only controversy is over the rulings of the court in admitting the receipt and the testimony of Smith concerning his examination of the books. We think the receipt was properly admitted. It is true that the plaintiff’s name does not appear in it, but it shows that the draft was deposited for collection only; and it was otherwise abundantly proved that it was drawn in payment for plaintiff’s cattle, that the money realized was to be paid to plaintiff, and that the facts connected with the draft and the ownership of the money were known to the defendant when it made the collection. This action was not upon the receipt, and the fact that it does not disclose the name of the drawee is immaterial. It shows that the draft was received for collection, and it was competent evidence to prove that fact. If it was error to admit the testimony of Smith as to his examination of the books, the error was harmless. There is sufficient evidence without that testimony to put the defendant upon its proof, and, in the absence of such proof, to authorize a judgment for the plaintiff.
The judgment is affirmed.

Affirmed.